The Hon. William L. Holloway,
The Hon. John Hurly,
The Hon. George Y. Patten,
The Hon. Charles H. Cooper,
} Associate Justices.

---

### In Re GULLICKSON.

(No. 4,353.)

(Submitted May 2, 1919. Decided June 10, 1919.)

[181 Pac. 783.]

*Attorney and Client—Deceit—Misappropriation of Funds—Suspension.*

1. Where an attorney admitted that during a protracted period of intoxication he had practiced deceit upon, and appropriated to his own use funds belonging to, a client, but it also appeared that he had reformed his habits of life, had repaid the major portion of the misused funds, given up his office and entered upon other work, indefinite suspension with privilege to apply for reinstatement upon a proper showing, *held* sufficient punishment.

Disbarment proceedings against John A. Gullickson. Accused indefinitely suspended.

*Mr. I. W. Choate,* Assistant Attorney General, for the Prosecution, argued the cause orally.

*Mr. Stephen J. Cowley,* for Accused, argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

John A. Gullickson, an attorney admitted to practice in the courts of this state, was accused by the attorney general of misconduct in his profession, particularly in practicing deception upon his client, Edward Engelbrecktson, and in wrongfully appropriating to his own use funds belonging to his client. The answer of the accused admits some of the allegations of the complaint, and denies knowledge of the others. The hearing before Referee R. E. Bancroft resulted in a finding that the charges as made are true. Indeed, in fairness it may be said that they are admitted by the accused, and the only duty imposed upon this court is to fix a punishment commensurate with the offense, in the light of the circumstances disclosed by the record.

It appears from the evidence that prior to the fall of 1916 the
[1]   accused was a man of good reputation and trustworthy in the practice of his profession; that he then became addicted to the excessive use of intoxicating liquor, and was, to all intents and purposes, in a state of intoxication for the ensuing two years, the period covered by the transactions involved in this proceeding; that his condition was such that he was incompetent to discharge the duties of an attorney; that prior to the time this complaint was filed he ceased using intoxicants, repaid the major portions of the funds he had misused, gave up his office, entered upon other work, and since has been apparently making an honest effort to re-establish himself in the confidence of the community where he resides. The accused testified in his own behalf. He did not deny any of the charges or seek to shield himself. He assumed that the damaging testimony of his former client was true, but stated that he had no recollection of the several acts of deception mentioned. He offered the evidence of his dis-

grace merely in palliation of his delinquency, and not as excusatory of his conduct or in justification of it.  He acknowledged the gravity of his offense and the justness of adequate punishment.  Under the circumstances we are not disposed to close for all time the avenue to his complete reformation and to his reinstatement as a member of the bar in good standing.  We are of the opinion that the ends of justice will be served best by an indefinite suspension.

It is ordered that the accused be suspended from his office as attorney and counselor at law until the further order of this court.  Whenever, after January 1, 1920, the accused is able to satisfy this court that he is worthy of the confidence and respect which should characterize a member of the Bar of this state, he may apply for reinstatement, and, upon paying the costs of this proceeding, he may thereafter be reinstated.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE COOPER concur.